DAUKSCH, Judge.
This is an appeal from a summary judgment in an insurance coverage case.
The facts are undisputed. Appellee sought disability insurance coverage from appellant. When making application for the insurance appellee told appellant that he had previously suffered from arthritis in the neck area. Appellant issued its policy covering appellee but included in the policy a typewritten exclusion tailored specifically for appellee. The policy had a printed provision followed by the added typewritten portion applicable to appellee.
“PART A — EXCLUSION OF COVERAGE
I hereby agree that Policy No. 10482^2, to which this Exclusion of Coverage is attached and of which it forms a part, shall not pay nor provide benefits of any kind for any loss, disability or expense caused by ANY CONDITION INVOLVING THE CERVICAL AREA OF THE BACK OR SPINE, INCLUDING ARTHRITIS.
when suffered by or incurred by JOHN J. WALKER, notwithstanding any provision in said Policy to the contrary.”
Approximately a year and a half after issuance of the policy appellee became to *1197 tally disabled because of a condition known as torticollis. This progressive debilitating disease manifested itself in appellee’s neck, the cervical spine region.
Appellant urges on appeal that the trial court erred in determining it was bound to pay under the disability policy. Appellant says that because the torticollis manifested itself in the cervical spine region the policy exclusion applies and no insurance coverage exists for this condition.
Appellee, and the trial court by its ruling, relies upon expert medical testimony which explained that torticollis is not a neck condition, it is a brain dysfunction. The medical expert testified, on deposition, that the fact that the torticollis manifested itself in the neck was incidental to the brain disease and not a condition to be excluded under the insurance policy. The evidence from the neurologist indicates that the “ ... spasmodic torticollis ... is caused by an abnormality in the brain (extrapyramidal motor system) not the cervical area.” The symptoms could have exhibited themselves in an area other than the neck, here they just happened to show up in appellee’s neck.
We find no error in the trial court’s acceptance of the neurologist’s opinion regarding appellee’s disability. Additionally, we see no reason for appellant to claim any injustice; appellee honestly revealed his preexisting arthritic condition and it was excluded from coverage. No claim is being made for that condition. The claim is from a completely unrelated brain dysfunction.
AFFIRMED.
ORFINGER, J., concurs.
COBB, J., dissents with opinion.